UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CHRIS ALLEN,

    Plaintiff,

vs.                                         **COMPLAINT**

CITY OF NEWBURGH, MICHAEL PITT,
CURTIS HAHNE,

    Defendants.
------------------------------------------------------------x

**JUDGE KARAS**

**08 CIV. 6771**

By his counsel, Michael H. Sussman, Esq., plaintiff complains of defendants as follows:

I. **PARTIES**

1. Plaintiff, Chris Allen, is an African-American male who resides in the State of New York.

2. Defendant, the City of Newburgh, is a municipal corporation organized pursuant to the laws of the State of New York and it may and be sued. The City operates a municipal police department.

3. Defendant Michael Pitt is a police officer employed by the City of Newburgh. At all relevant times, he acted under color of state law and in uniform.

4. Defendant Curtis Hahn is a police officer employed by the City of Newburgh. At all relevant times, he acted under color of state law and in uniform.

II. **JURISDICTION**

5. As plaintiff alleges that each defendant violated rights guaranteed to him by the Constitution of the United States, this Honorable Court has jurisdiction by and through 42 U.S.C.

Secs. 1983 and 1988 and 28 U.S.C. secs. 1331 and 1343 (3) & (4).

III. **FACTUAL ALLEGATIONS**

6. On August 12, 2007, defendants Pitt and Hahne arrested plaintiff in the City of Newburgh and charged him with disorderly conduct, resisting arrest and obstructing governmental administration.

7. In support of such arrests, both defendants Pitt and Ganhe prepared materially false official documents, including police reports, incident reports and supplemental police reports.

8. On August 12, 2007, without any basis or probable cause, defendant Pitt and Hahn falsely arrested plaintiff.

9. This arrest followed the use by both individual defendants of excessive and wholly unwarranted force against the plaintiff.

10. In fact, plaintiff committed no offense in the presence of these officers or otherwise on the evening of August 12, 2007 and there was no basis in law of fact for his arrest.

11 The excessive force individual defendants exercised on Front Street in the City of Newburgh caused plaintiff to seek hospital treatment immediately following his release from custody and caused plaintiff substantial physical injuries, including brief loss of consciousness, the dislocation of his shoulder, bruising to his face, muscle spasms, blurry vision and considerable pain.

12. After applying such excessive force, despite plaintiff's requests, the individual officers failed to provide plaintiff timely medical care and attention and, to the contrary, affirmatively refused to arrange for plaintiff such care and treatment, intentionally exacerbating

his physical pain and suffering.

13. Individual defendants falsely reported that they had provided such care upon plaintiff's release from custody.

14. On account of the false charges leveled by defendants against him, plaintiff was required to appear in the City Court, City of Newburgh, on five occasions.

15. At a trial held on March 13, 2008, both individual defendants testified falsely against plaintiff.

16. After the bench trial in City Court, the court Judge acquitted plaintiff on all three charges.

17. The false testimony offered by the police officers, combined with their false initial reporting of the incident in official records, their use of excessive force against the plaintiff and their false arrest of him, all show malice by the individual defendants toward plaintiff.

18. Plaintiff has continued to have physical pain, headaches and other after-effects from the use of excessive force by the individual police officers.

19. Defendant City of Newburgh has a custom, policy and practice of failing to properly supervise patrol officers.

20. Said custom, policy and practice is directly responsible and the proximate cause for the illegal conduct of the individual defendants in this case.

21. Said lack of supervision includes a failure to review police reports, a failure to determine whether said reports are consistent or inconsistent with the physical evidence, including civilian injuries deriving from police response to a specific situation, and a failure to

properly train and discipline police officers whose behavior violates departmental policies.

22. Instead of properly supervising individual police officers, the defendant City, by and through its police department, has systematically failed to properly investigate civilian reports of police abuse, as plaintiff's in this instance.

23. Here, plaintiff filed a complaint with the City of Newburgh Police Department.

24. But, rather than investigate said complaint, the police agency, on behalf of the city and representing city custom, policy and practice, failed to conduct a good faith investigation and thus condoned the oppressive and illegal police practices the individual defendants used.

25. Such a failure to supervise, train and discipline is the proximate cause of the injury to the plaintiff in this case.

26. Such a failure to supervise has permitted the continuation of police practices which have repeatedly violated the constitutional rights of individuals, including plaintiff.

27. The conduct of the individual officers here was malicious, warranting an award of punitive damages and their removal from the police agency.

## IV. **CAUSES OF ACTION**

28. Plaintiff incorporates paras. 1-27 as if fully incorporated herein.

29. Individual defendants violated the Fourth Amendment to the United States constitution when they falsely seized and arrested plaintiff. This cause is actionable against them in this Court pursuant to 42 U.S.C. sec. 1983.

30. Individual defendants violated the Fourth and Eighth Amendments to the United States Constitution when they used excessive force against plaintiff and then, after taking him into custody, failed to provide him prompt medical treatment as was required by his injuries.

This cause of action is actionable against them in this Court pursuant to 42 U.S.C. sec. 1983.

31. Individual defendants violated the Fourteenth Amendment to the United States Constitution, specifically the due process clause, when they maliciously prosecuted the plaintiff. This cause is actionable against them in this Court pursuant to 42 U.S.C. sec. 1983.

32. By implementing a policy, practice or custom of failing to supervise, train and discipline its police officers and by, instead, condoning the use of excessive force and the malicious prosecution of innocent persons, the City of Newburgh has violated the Fourth, Eighth and Fourteenth Amendment rights of the plaintiff and others similarly situated and likewise victimized by systematic constitutional deprivations. This cause is actionable against it in this Court pursuant to 42 U.S.C. sec. 1983.

## V. **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays that this Honorable Court:

a) accept jurisdiction of this matter;

b) empanel a jury to hear and decide all issues within its authority;

c) award to him compensatory damages, jointly and severally, against the defendants with pre- and post-judgment interest;

d) award to him punitive damages against the individual defendants with pre and post-judgment interest;

e) award to him attorneys fees and costs as permitted by 42 U.S.C. sec. 1988 with pre and post-judgment interest;

f) order the defendant City to implement affirmative relief to insure that it provides appropriate training, supervision and discipline so as to insure, to the maximum extent practicable, the

respect for individual constitutional and civil rights by those employed by its police department and

g) enter any other order which the Court deems just and necessary.

                                        Respectfully submitted,

                                        MICHAEL H. SUSSMAN (3497)

SUSSMAN & WATKINS
PO BOX 1005
GOSHEN, NY 10924
(845)-294-3991
COUNSEL FOR ALLEN